UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADIB K. TIMBUKTU and
DENNICE MOORE,

                              Plaintiffs,          Case No. 12-CV-720-JPS

v.

WILLIS NEAL, ARCHIE BLUNT,
GREGORY HUNTER, EDWARD A. FLYNN,
and CITY OF MILWAUKEE DEPARTMENT
OF NEIGHBORHOOD SERVICES,                          ORDER

                              Defendants.

Plaintiffs Adib K. Timbuktu and Dennice Moore, proceeding *pro se*, bring claims under 42 U.S.C. § 1983[1] against the defendants – a department of the City of Milwaukee, two employees thereof, a Milwaukee police officer and Milwaukee's Chief of Police – alleging deprivations of rights secured by the Constitution arising from an investigation into reported electricity pilfering at Plaintiffs' address in Milwaukee, Wisconsin.[2]

Before the Court are the parties' opposing motions for summary judgment. (Docket #s 60 and 67). For summary judgment to issue, the moving party must show "that there is no genuine dispute as to any material fact and movant is entitled to judgment as a matter of law." Federal Rule of

_____

[1] Plaintiffs' complaint begins inauspiciously with a reference to "42 U.S.C. 1984" (Docket #1, 1). That section of the United States Code is omitted presently. In other words, no law is codified in that section. In light of the general nature of Plaintiffs' claims, the Court construes the reference as intending to cite 42 U.S.C. § 1983.

[2] What Defendants portray as an investigation of reported theft (Docket #61, ¶ 6), Plaintiffs characterize as "retaliation for [the electric company's] inability to collect a debt" (Docket #1, 1).

Civil Procedure 56. "As to materiality, the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In an order dated August 19, 2013, the Court observed, *inter alia*, that:

> Plaintiffs' motion for summary judgment asserts blithely that "this controversy is plain, simple and incontrovertible because the law regarding this matter is well established" but fails to cite any supporting legal authority. *See* (Docket #67, 3). Therefore, Plaintiffs plainly fail to show that they are entitled to judgment as a matter of law. Moreover, given that the applicable substantive law informs parties which facts are material, *Anderson*, 477 U.S. at 248, and Plaintiffs cite no law, it appears that Plaintiffs proposed facts without any basis for knowing whether those facts are germane to their claims. In addition, Plaintiffs' statement of proposed facts is not supported by a single citation to the record as required by Civil Local Rule 56(b)(1)(C)(I).

(Docket #85, 2).[3]

With a view to "unpack[ing] the dense prose in Plaintiffs' existing complaint to elucidate what is at issue in this case" (Docket #85, 3, n.4), the Court instructed the parties to:

> file, within ten (10) days of the date of this order, a single, joint, supplementary brief: (i) succinctly and plainly stating each of Plaintiffs' claim(s); (ii) identifying which defendant(s) relate to each claim; (iii) proposing facts material to each claim and identifying whether each fact is undisputed or disputed; (iv) for each proposed fact which the parties agree is material but either party contends is genuinely disputed, each party shall provide pinpoint citation(s) to the record to support their respective position; and (v) for each proposed fact which only one party contends is material, the proposing party shall cite applicable substantive law demonstrating the fact's materiality

---

[3] In the same order, the Court noted Defendants' lackluster defense and warned that "[b]y failing to defend with greater precision, Defendants risk going to trial on at least a subset of Plaintiffs' claims." (Docket #85, 2-3).

*and* provide pinpoint citation(s) to the record to substantiate the proposed fact.

(Docket #85, 3-4) (emphasis in original).

Concomitantly, the Court issued a clear warning: "Plaintiffs' failure to comply with this order will result in the case being dismissed with prejudice for lack of prosecution." (Docket #85, 3).

The Court has received the parties' joint submission (Docket #86) and will address its contents below. Although the parties largely continue to talk past one another, it appears as though Plaintiffs claim that the defendants (with the exception of Milwaukee's Chief of Police ): (i) "forcibly entered into Plaintiffs' residence, without their consent or a warrant, and absent exigent circumstances" in violation of the Fourth Amendment; and (ii) by virtue of such entry, subjected plaintiffs to "harassment" in violation of the Fifth Amendment. (Docket #86, 2).

To substantiate these claims, Plaintiffs propose only three facts in the joint brief:

- "Even after Plaintiff Moore was arrested at gunpoint she did not open the doors to the Plaintiffs' domain and the Defendants forcibly entered the Plaintiffs [sic] residence with [sic] the lawful permission of any tenant."

- "Wisconsin Law requires that City Officials obtain an inspection warrant before executing a forcible entry into private citizens' domains."

- "The Plaintiffs suffered severe and irreparable injury as a result of the Defendants [sic] unlawful action."

(Docket #86, 3).

In response to Plaintiffs' first proposed fact, Defendants argue that consent for entry is not material to Plaintiffs' claims because "the officers had a valid warrant exception to enter the apartments due to an exigency." (Docket #82, 14-15) (citations omitted); (Docket #86, 4).[4] Notwithstanding Part (v) of the Court's order for supplemental briefing – providing that, "for each proposed fact which only one party contends is material, the proposing party shall cite applicable substantive law demonstrating the fact's materiality *and* provide pinpoint citation(s) to the record to substantiate the proposed fact"[5] – Plaintiffs cite no substantive law to support their contention that the first proposed fact is material to their claims where, as here, Defendants argue that exigent circumstances justified entry. Likewise, Defendants assert that Plaintiffs' second proposed fact is immaterial to the claims in this case given Defendants' exigency defense, (Docket #86, 4), and Plaintiffs again fail to cite any substantive law to support their position.[6]

---

[4] In particular, Defendants submit that: (i) "[u]pon inspection [of the multi-unit building's] basement, it was discovered that the electrical meter had been tampered with in a manner that rendered electrical service to the property unsafe" (Docket #61, 8, ¶51); (ii) the City of Milwaukee Department of Neighborhood Services Supervisor, Clyde Hutchinson, "approved a placard and board up of the property due to the conditions" (*Id.*, ¶ 54); and (iii) "[a]fter the placard and board-up decision was made, the police officers assisted in clearing the property" to ensure that no occupant became trapped inside the boarded-up building (*Id.*, ¶ 57) and (Docket #82, 14-15).

[5] The fifth heading in the parties' joint supplementary brief recites this portion of the Court's order verbatim. Alas, Plaintiffs submit nothing under the heading. (Docket #86, 5).

[6] Plaintiffs' second proposed fact is not a factual assertion; rather, it is a citation to a Wisconsin statute. (Docket #86, 3). That statute is not responsive to Defendants' exigency defense. (*Id.* at 3-4).

Based on the foregoing analysis, the Court is obliged to find that Plaintiffs' utterly insufficient submissions amount to a failure to prosecute this action. In so finding, the Court recognizes Plaintiffs' utter failure – either in their summary judgment briefing or in their supplementary briefing – to present a cogent set of facts whose materiality is substantiated by citation to applicable case law.

In ordering supplementary briefing, the Court warned plainly and clearly: "Plaintiffs' failure to comply with this order will result in the case being dismissed with prejudice for lack of prosecution." (Docket #85, 3) (emphasis in original). Therefore, with the benefit of the foregoing analysis, the Court will dismiss this case with prejudice based on Plaintiffs' failure to prosecute this action.

Accordingly,

IT IS ORDERED that this action be and the same is hereby DISMISSED with prejudice; and

IT IS FURTHER ORDERED that the parties' opposing motions for summary judgment (Docket #s 60 and 67) be and the same are hereby DENIED as moot.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of September, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Case 2:12-cv-00720-JPS   Filed 09/11/13   Page 5 of 5   Document 88