# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ADIB K. TIMBUKTU and DENNICE MOORE, <br><br> Plaintiffs, <br><br> v. <br><br> NEAL, EDWARD A. FLYNN, OFFICER GREGORY HUNTER, CITY OF MILWAUKEE DEPARTMENT OF NEIGHBORHOOD SERVICES, and BLUNT, <br><br> Defendants. | Case No. 12-CV-720-JPS <br><br><br> **ORDER** |

On December 28, 2016, the Clerk of the Court issued a bill of costs to the plaintiffs based on the judgment entered against them. (Docket #93). On January 11, 2017, the plaintiffs filed a motion to "vacate" that bill. (Docket #94). Federal Rule of Civil Procedure 54(d)(1) provides that costs should be allowed to a prevailing party, in this case the defendants. Fed. R. Civ. P. 54(d)(1); *see* (Docket #88 and #89). The plaintiffs assert that they are indigent and cannot pay the costs. (Docket #94). The Seventh Circuit has read an indigency exception into Rule 54(d)(1). *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). This is not automatic simply because the losing party was granted leave to proceed *in forma pauperis*, however. It requires a threshold factual determination from the Court that the losing party is unable to pay the costs now or in the future. *Id.* at 635. The losing party must "provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.* (citation and quotation omitted). The plaintiffs' bare statements

in the motion provide none of this evidence. The motion must, therefore, be denied.[1]

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to vacate (Docket #94) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] The plaintiffs' motion further states that "[t]he request for taxation is untimely." (Docket #94). The request by the defendants was timely filed in September 2013, when the case was closed. (Docket #90). The bill the plaintiffs seek to vacate was issued by the Clerk of the Court, not the defendants. In fact, the *plaintiffs'* instant motion appears untimely, but the Court has generously addressed it as it is otherwise deficient. *See* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served **within the next 7 days**, the court may review the clerk's action.") (emphasis added).