# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ADIB K. TIMBUKTU and DENNICE MOORE, <br><br> Plaintiffs, <br><br> v. <br><br> NEAL, EDWARD A. FLYNN, OFFICER GREGORY HUNTER, CITY OF MILWAUKEE DEPARTMENT OF NEIGHBORHOOD SERVICES, and BLUNT, <br><br> Defendants. | Case No. 12-CV-720-JPS <br><br><br> **ORDER** |

On February 7, 2017, the plaintiffs filed a motion asking this Court to reconsider its January 12, 2017 order. (Docket #96). The January 12 order denied the plaintiffs' motion to vacate the Clerk of the Court's bill of costs issued on December 28, 2016. (Docket #95). The motion was denied because the plaintiffs claimed indigency without evidentiary support. *See Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The motion for reconsideration attempts to provide that evidence. (Docket #96 at 1-2).

Even assuming the evidence was sufficient to show indigency, the motion for reconsideration must be denied for an additional reason identified in the Court's January 12 order. The Court explained:

> [T]he plaintiffs' instant motion appears untimely, but the Court has generously addressed it as it is otherwise deficient. *See* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served **within the next 7 days**, the court may review the clerk's action.") (emphasis added).

(Docket #95 at 2 n.1). The original motion to vacate was filed fourteen days after costs were taxed, and the instant motion was submitted almost a month after that. Neither motion is timely, and so the Court must deny the plaintiffs' motion for reconsideration.

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion for reconsideration (Docket #96) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of February, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge